Frank A. Magnanimo (SBN 174570)
    E-Mail:  fmagnanimo@fisherphillips.com
Jasmine R. Kiaei (SBN 331080)
    E-Mail:  jkiaei@fisherphillips.com
FISHER & PHILLIPS LLP
21600 Oxnard Street, Suite 650
Woodland Hills, California 91367
Telephone: (818) 230-4250
Facsimile:  (818) 230-4251

Attorneys for Defendants
PARAGON SYSTEMS, INC., DOING BUSINESS IN
CALIFORNIA AS "PARASYS, INC." and SECURITAS
CRITICAL INFRASTRUCTURE SERVICES, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYPHRENO ROBERTSON, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PARAGON SYSTEMS, INC., an Alabama corporation; SECURITAS CRITICAL INFRASTRUCTURE SERVICES, INC., a Delaware corporation; PARASYS, INC., an Alabama corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No:<br><br>*Previously Santa Clara Superior Court, Case No.  24CV455134)*<br><br>**DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446**<br><br>Complaint Filed:   December 27, 2024<br>Trial Date: None Set |

1            **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

2 **THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF**

3 **CYPHRENO ROBERTSON AND HIS COUNSEL OF RECORD:**

4            PLEASE TAKE NOTICE THAT DEFENDANT PARAGON SYSTEMS, INC.

5 DOING BUSINESS IN CALIFORNIA AS PARASYS, INC. ("Paragon") through its

6 undersigned counsel, hereby respectfully removes this action filed by Plaintiff

7 CYPHRENO ROBERTSON (hereinafter, "Plaintiff") from the Superior Court of the

8 State of California, in and for the County of Santa Clara (the "State Court"), to the

9 United States District Court for the Northern District of California (San Jose Division).

10 This removal is based on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§

11 1332 and 1441(a) and (b) and is timely under 28 U.S.C. § 1446. This Court has

12 jurisdiction over the claims asserted in this action under the Class Action Fairness Act

13 ("CAFA"), 28 U.S.C. § 1332(d). This Notice of Removal is supported by the

14 accompanying Declaration of Laura Hagan ("Hagan Decl.") and supporting exhibits

15 filed concurrently herewith.

16                    **FACTUAL AND PROCEDURAL BACKGROUND**

17       1.       On December 27, 2024, Plaintiff, on behalf of himself and others similarly

18 situated, filed an unverified Complaint ("Complaint") in the Superior Court of the State

19 of California, County of Santa Clara, against Defendants PARAGON SYSTEMS, INC.;

20 SECURITAS CRITICAL INFRASTRUCTURE SERVICES, INC.; and PARASYS,

21 INC. (collectively "Defendants") initiating the civil action entitled *Cyphreno Robertson*

22 *v. Paragon Systems, Inc., et al.*, Case No. 24CV455134 ("State Court Action" or

23 "Complaint").

24       2.       Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint

25 is attached as **Exhibit ("Ex.") 1** to the Declaration of Frank A. Magnanimo

26 ("Magnanimo Decl."). The allegations of the Complaint are incorporated by reference

27 in this Notice of Removal without admission or agreement of the truth of any of them.

28       3.       In his Complaint, Plaintiff alleges eight class-wide causes of action against

Defendants: (1) Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, 1197, and 1197.1); (2) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198); (3) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512); (4) Failure to Authorize and Permit Rest Periods (Cal. Lab. Code §§ 226.7); (5) Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203); (6) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226); (7) Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802); and (8) Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, et seq.). *See* **Ex. 1**. Plaintiff seeks general damages, restitution, declaratory relief, injunctive relief, attorneys' fees, and equitable relief. *Id*, Prayer for Relief at ¶¶ 1-48.

4.    Plaintiff served a copy of the Summons and Complaint on Paragon's registered agent for service of process National Registered Agents, Inc., by process server and by email notification to Paragon employees Josiah Rocha, Laura Polte, and Tori Diblasi on January 9, 2025. Hagan Decl., ¶ 3.

5.    The Complaint also names as defendants "DOES 1 TO 10." Defendant is informed and believes, and on that basis alleges, that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously named defendants are not parties to the above-captioned action and need not consent to removal. (See *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. §1441(a).) No further proceedings have been had in the state court as of the date of this Notice.

6.    A true and correct copy of Defendant's Answer to the Complaint, which Defendant filed and served on January 30, 2025, is attached hereto and incorporated herein by reference as **Ex. 2** to Magnanimo Decl.

7.    A true and correct copy of all additional process, pleadings, and orders served on Paragon in the State Court Action, aside from the Complaint and Answer referenced above, are attached as **Ex. 3** to Magnanimo Decl. By signing this Notice of

DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 53602750.2

Removal, counsel for Paragon verifies that the items attached as **Exhibits 1-3** are true and complete copies of the process, pleadings, and orders in the State Court Action.

8.      This removal is timely filed as required by 28 U.S.C. section 1446(b) because it has been filed within 30 days of the date of first service of the State Court Action on Paragon, which was January 9, 2025, and within one year of the date the State Court Action was filed.

## STATEMENT OF JURISDICTION

9.      **Basis of Jurisdiction.** This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(d). As set forth below, 28 U.S.C. section 1332(d) grants district courts original jurisdiction over civil actions in which the putative class contains at least 100 class members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. This case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

10.     Although the burden rests on the removing party to demonstrate that CAFA's jurisdictional requirements are met, the party opposing jurisdiction under CAFA bears the burden of demonstrating that any exception to CAFA jurisdiction applies. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022-24 (9th Cir. 2007). Simply put, this case satisfies CAFA's requirements.

11.     **Notices of Removal are Subject to a Liberal Pleading Standard.** In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that, accordingly, such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a

DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 53602750.2

removing party's allegations as to the amount in controversy. Id.; *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (E.D. Cal. 2015); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196-1197 (9th Cir. 2015); *Jackson v. CEVA Logistics*, No. 19-CV-07657-LHK, 2020 WL 1967208, at *8 (N.D. Cal. Apr. 24, 2020); *Fukuchi v. Stein Mart, Inc.*, No. CV 19-8266-MWF (RAOx), 2019 WL 8756866 at *3 (C.D. Cal. 2019). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. Id.

12.     There is no "presumption against removal" when a defendant seeks to remove pursuant to the CAFA. *Dart Cherokee*, 574 U.S. at 81. This putative class action satisfies all the jurisdictional requirements under CAFA. The allegations in the Complaint and the attached declarations demonstrate that: (1) the parties are minimally diverse; (2) the proposed class consists of 100 or more members; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (4) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; and (5) the exceptions to CAFA jurisdiction do not apply here. *See* 28 U.S.C. § 1332(d).

13.     **Sufficient Minimal Diversity.** The parties are diverse, as they are, and were at all relevant times, citizens of different states.  28 U.S.C. § 1332(d)(2)(A). Diversity of citizenship exists in this matter because Paragon is now, and at all times since the filing of the State Court Action has been, incorporated in the State of Alabama, and at all such times its principal place of business is, and has been, in Herndon, in the State of Virginia. Hagan Decl. ¶¶ 4-5. At all such times, Plaintiff is and has been a California resident and citizen and Plaintiff asserts his claims on behalf of a putative class of former and current employees who performed work for Defendants within the State of California. **Ex. 1** at ¶¶ 7, 14. It is a *reasonable* inference that at least one member of the putative class is domiciled in and, thus, a citizen of California. *See*

DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 53602750.2

1     *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).

2         14.     **Plaintiffs' Citizenship.** Based on the allegations in Plaintiff's Complaint,

3 Plaintiff was a citizen and resident of the State of California at the time this action

4 commenced and remains so at the time of this removal. **Ex. 1** at ¶ 7. The presumption

5 of continuing domicile provides a legal presumption that Plaintiff is still a resident of

6 the State of California. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86

7 (9th Cir. 2013) ("a party with the burden of proving citizenship may rely on the

8 presumption of continuing domicile, which provides that, once established, a person's

9 state of domicile continues unless rebutted . . . . This presumption has been widely

10 accepted, including by this [the Ninth] circuit."). For removal purposes, citizenship is

11 measured both when the action is filed and removed. *Strotek Corp. v. Transport Ass'n*

12 *of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265

13 F.3d 853, 857 (9th Cir. 2001). For diversity purposes, a person is a citizen of the State

14 where he or she is domiciled. *See* 28 U.S.C. § 1332(a)(1); *see, also Kantor v. Wellesley*

15 *Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is *prima facie* evidence of

16 domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013),

17 citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011)

18 ("Evidence of a person's place of residence . . . is *prima facie* proof of his domicile.").

19 The Complaint states that "Plaintiff Cyphreno Robertson is a resident of Rancho

20 Cardova, California who worked for Defendants in Napa County, California." **Ex. 1** at

21 ¶ 7. Plaintiff alleges that the proposed class consists of persons located in the State

22 of California or who worked in California. **Ex. 1** at ¶ 2. Plaintiff, and the purported

23 class are, therefore, at all times since the commencement of this action, have been

24 residents and citizens of California.

25         15.     **Paragon's Citizenship.** At the time Plaintiff filed the Complaint in the

26 State Court, Paragon was (and remains) a citizen of states other than California.

27 Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of

28

DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 53602750.2

1    any State by which it has been incorporated and of the State where it has its principal

2    place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010)

3    (determining that a corporation's principal place of business, or "nerve center," will

4    typically be where its headquarters is located).  At the time Plaintiff's complaint was

5    filed, on or about December 27, 2024, Paragon was and continues to be, a corporation

6    which is formed in the state of Alabama. Hagan Decl., ¶ 4.

7        16.    Paragon is headquartered in Herndon, Virginia. Hagan Decl., ¶ 5. Virginia

8    is where Paragon's high-level officers direct, control, and coordinate the company's

9    activities. Id., ¶ 5. Neither California, nor any other state in which Paragon operates,

10   contains a substantial predominance of the company's operations. Id. Therefore,

11   Paragon's "nerve center" is in the State of Virginia. In accordance with *Hertz Corp v.*

12   *Friend*, 559 U.S. 77 (2010), Paragon is a citizen of the States of Alabama and Virginia,

13   as provided in 28 U.S.C. §1332(c) and is not a citizen of California.

14       17.    Accordingly, because at least one putative class member is a citizen of a

15   different state than Paragon, CAFA's requirement for minimal diversity is satisfied. See

16   28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied under CAFA if "any member of a class

17   of plaintiffs is a citizen of a State different from any defendant").

18       18.    Based on the foregoing, Plaintiff and Paragon are citizens of different

19   States. 28 U.S.C. § 1332(d)(2)(A).

20       19.    Moreover, the citizenship of fictitious defendants is disregarded for

21   purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  28 U.S.C. §

22   1441(a); *Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), cert. denied, 493

23   U.S. 1076 (1990).

24       20.    **No Consent Required**. There is no requirement for Paragon to have the

25   consent of the other defendants. *See Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct.

26   1743, 1745 (2019) ("The Class Action Fairness Act of 2005 (CAFA) provides that '[a]

27   class action' may be removed to federal court by 'any defendant without the consent of

28

DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 53602750.2

1    all defendants.'" (quoting 28 U.S.C. § 1453(b)). Nonetheless, Defendant SECURITAS

2    CRITICAL INFRASTRUCTURE SERVICES, INC. has provided consent to removal.

3    Magnanimo Decl. ¶ 5.

### PUTATIVE CLASS EXCEEDS 100 CLASS MEMBERS

21.    CAFA requires that the putative class be comprised of at least 100 persons. See 28 U.S.C. § 1332(d)(5)(B). This requirement is satisfied here.

22.    Plaintiff brings this action on behalf of a putative class comprised of "Plaintiff and all other persons who have been employed by any Defendant in California as an hourly-paid or non-exempt employee during the statute of limitations period applicable to the claims pleaded here." **Ex. 1**, ¶ 2.

23.    Based, on Plaintiffs' Complaint, the statute of limitations period encompasses over 48 months. Therefore, the putative class includes individuals who were employed by Defendant in California.

### AMOUNT IN CONTROVERSY

24.    To confer subject-matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. Id. § 1332(d)(6).

25.    **The Amount In Controversy Exceeds $5,000,000.** Plaintiff does not specify a damages sum in his Complaint. Notwithstanding the fact that Plaintiff fails to specify the dollar amount of damages being sought in the Complaint, the allegations of the Complaint demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $5,000,000. Economic damages, non-economic damages, general damages, and attorneys' fees are all included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 53602750.2

26.     Although Paragon denies Plaintiff's allegations and denies that the putative class is entitled to any relief from Paragon, in determining the amount in controversy the Court must assume the allegations in the Complaint are true. Further, a defendant's notice of removal need only include a "plausible allegation that the amount in controversy exceeds [this] jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. CAFA's amount-in-controversy requirement is satisfied under these pleading standards.

27.     While Paragon denies Plaintiff's claim of wrongdoing and denies that Plaintiff is entitled to any requested relief, the facial allegations in Plaintiff's complaint and the total amount of wages, penalties, attorneys' fees, and other monetary relief at issue in this action is in excess of this court's jurisdictional minimum. *Saulic v. Symantec Corp.*, 2007 WL 5074883, *7–9 (C.D. Cal. 2007) (finding jurisdictional limits were satisfied under CAFA after considering facts presented in notice of removal, along with plaintiff's allegations); *see also Salter v. Quality Carriers, Inc.*, 2020 WL 5361459, *4 (9th Cir, 2020) (evidentiary submissions were not required to raise plausible allegations that the amount in controversy exceeded CAFA's $5 million jurisdictional threshold). Paragon is permitted to make reasonable assumptions, follow "a reasonable chain of logic," and make reasonable calculations to plead that the amount in controversy exceeds the CAFA threshold. *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015) ("[D]efendants relied on a reasonable chain of logic and presented sufficient evidence to establish that the amount in controversy exceeds $5 million.").

28.     Where plaintiffs allege that a defendant has "'adopted and maintained uniform policies, practices and procedures' that caused the purported violations of California's [laws]…[i]t is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied." *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, *4 (C.D. Cal. May 21,

9

DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 53602750.2

2015). In that instance, "a 100% violation rate is not an unreasonable assumption to use in estimating the amount in controversy in light of the allegations in the complaint." Id. Here, Plaintiff alleges Defendant maintained policies and practices of not providing Plaintiff and putative class members for all time worked, not providing uninterrupted, duty-free meal periods for at least 30 minutes for each five hour work period, not providing breaks of ten uninterrupted minutes for each four hours of work or major fraction of four hours, of not furnishing them with accurate itemized wage statements, and failing to reimburse them for necessary business expenses. **Ex. 1**, ¶¶ 31-53, 50-53, 54-57, 65-72, 87-94.

29.    Therefore, the amount in controversy exceeds the sum of $5,000,000 exclusive of interest and costs, based on the following allegations and evidence, which do not even include Plaintiff's additional claims for reimbursement of necessary business expenses and inaccurate wage statement claims:

30.    **Putative Class Members.** According to Paragon records, there are approximately 1,031 individuals currently employed by Paragon. Hagan Decl. at ¶ 6. This is not including individuals employed for the earlier portion of the statute of limitations period. For purposes of computing the amount in controversy, Paragon used a conservative hourly rate based on the minimum wage in California at the approximate start of the class period: $14.00. This rate represents the floor of what employees were paid during the class period.

31.    **Meal Period Claim.** Plaintiff alleges in his third cause of action for failure to provide meal periods that "Defendants, at times, failed to provide Plaintiff, and some, but not necessarily all of the Class with both meal periods as required by California law." **Ex. 1**, ¶ 52. Accordingly, Plaintiff asserts that she and the putative class members are owed an hour of additional pay for noncompliant meal periods for each workday such periods were not provided. **Id.** at ¶ 4, 17, 18, 19. Where, as here, Plaintiff's meal period claim is also asserted as part of a separate claim under California's Unfair

10

DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 53602750.2

1  Competition Law ("UCL") (i.e., Plaintiff's eighth cause of action), a four-year
2  limitations period applies. *See Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th
3  163, 179 (2000) ("*Any* action on *any* UCL cause of action is subject to the four-year
4  period of limitations created by that section.") (emphasis in original); *Murphy v.*
5  *Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1103 (2007) (meal and rest period
6  premiums are wages); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401 (2010)
7  (unpaid wages recoverable as restitution under the UCL).

8
9      32.    The class data here reveals that approximately 1,031 hourly employees are
10 currently employed by Paragon in California. Hagan Decl., ¶ 6. Assuming two days per
11 employee per week with one noncompliant meal period per day (either because it was
12 interrupted or not taken at all), each employee would be entitled to two additional hours
13 of pay for each week they worked over the 48 month (or 192 work week) statute of
14 limitations period. Thus, using this conservative measure results in an amount in
15 controversy just on his meal period claim alone of $ 38,798,592 ($14.00 [one hour of
16 pay] x 2 days per workweek x 192 workweeks x 1,031 employees).

      33.    Based on the foregoing, there is ample evidence that the amount in
17 controversy, based on the totality of Plaintiff's claims, exceeds the minimum threshold
18 of $5,000,000. Notably, the foregoing analysis and calculation does not include
19 Defendants' additional potential liability for Plaintiff's causes of action for unpaid
20 wages, failure to provide rest periods, failure to provide accurate wage statements, and
21 unfair business practices or assessment of attorneys' fees. This analysis is not needed
22 to demonstrate that the matter in controversy here definitively exceeds the sum or value
23 of $5 million, exclusive of interest and costs.

24      34.    By removing this matter, Paragon does not waive and, to the contrary,
25 reserves any rights it may have, including, without limitation, all available arguments
26 and defenses. "The amount in controversy is simply an estimate of the total amount in
27 dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon*
28

DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 53602750.2

1   *Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

2   **ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

3   35.    **Venue and Intradistrict Assignment.** Pursuant to 28 U.S.C. section

4   1441(a), "any civil action brought in a State court of which the district courts of the

5   United States have original jurisdiction, may be removed by the defendant or the

6   defendants, to the district court of the United States for the district and division

7   embracing the place where such action is pending." *See Polizzi v. Cowles Magazines,*

8   *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by

9   28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where

10  the action is pending). This Court (the San Jose Division of the Northern District of

11  California) embraces the Santa Clara County Superior Court, which is where Plaintiff's

12  Complaint was originally filed and where the action is currently pending. Accordingly,

13  this Court is the appropriate federal district court to which to remove this action.

14  36.    **Notice of Removal.** As required by 28 U.S.C. section 1446(d), a copy of

15  the Notice of Removal will be attached to a document entitled Notice to Adverse Parties

16  and State Court of Defendant Paragon's Filing of Notice of Removal, attached as **Ex. 4**

17  to Magnanimo Decl., which will be promptly served on Plaintiff's counsel of record

18  and filed with the Clerk of the Superior Court of the State of California, in and for the

19  County of Santa Clara.

20  37.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of

21  all "process, pleadings, and orders" from the State Court Action served on Paragon or

22  filed by Paragon are attached to the Notice of Removal as **Exs. 1-2**.

23  **CONCLUSION**

24  Sufficient minimal diversity of citizenship exists inasmuch as Plaintiff is a citizen

25  of California and Paragon is a citizen of Alabama and Virginia. Furthermore, the

26  amount in controversy exceeds $5,000,000. Moreover, the putative class exceeds 100

27  members. Finally, no exceptions apply pursuant to CAFA. Accordingly, this Court has

28

DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 53602750.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and Paragon has properly removed the State Court Action to this Court. Paragon reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

Dated: January 31, 2025

Respectfully submitted,

FISHER & PHILLIPS LLP

_____

Frank A. Magnanimo
Jasmine R. Kiaei
Attorneys for Defendants
PARAGON SYSTEMS, INC., DOING BUSINESS
IN CALIFORNIA AS "PARASYS, INC." and
SECURITAS CRITICAL INFRASTRUCTURE
SERVICES, INC.

13

DEFENDANT PARAGON SYSTEMS, INC., DOING BUSINESS IN CALIFORNIA AS PARASYS, INC.,'S NOTICE
OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446

FP 53602750.2